**UNITED STATES of America,**

v.

**Yeazid FARRAJ, Defendant.**

No. 00CR. 1200–02(VM).

United States District Court,
S.D. New York.

June 19, 2002.

Richard M. Jasper, Jr., Law Office Richard M. Jasper, Jr., New York, NY, Edward M. Kratt, New York, NY, for Farraj.

Robert R. Strang, Mary Jo White, U.S. Atty. for the S.D.N.Y., New York, NY, for U.S.

## DECISION AND ORDER

MARRERO, District Judge.

Defendant Yeazid Farraj ("Farraj") was sentenced before the Court on June 14, 2002. By letter brief dated June 3, 2002, Farraj moved for a downward departure asserting that either, or both, §§ 5H1.4 or 5K2.0 of the United States Sentencing Guidelines warranted a decrease in his sentence. Farraj also submitted in support of his motion letters from Dr. John A. Carucci, Dr. Monica Schadlow, Dr. Marco Danon, a letter dated February 26, 1993 from the Center for Neuromuscular & Developmental Disorders of the Hospital for Joint Diseases, the medical records for Farraj and excerpts from medical texts regarding Gorlin Syndrome and Basal Cell Nevus Syndrom. At the sentencing conference, too, Farraj submitted photographs of his previous carcinoma, which Court will place in the record of this case. The Government opposed Farraj's motion by letter brief dated June 13, 2002, arguing that neither ground warranted downward departure relief.

For the reasons set forth on the record, and in the "Statement of the Court," attached an incorporated herein, the Court finds no basis for a downward departure. Accordingly, it is hereby

**ORDERED** that defendant Yeazid Farraj's motion for a downward departure pursuant to §§ 5H1.4 and/or 5K2.0 of the United States Sentencing Guidelines is denied.

**SO ORDERED.**

### STATEMENT OF THE COURT

#### United States v. Yeazid Farraj

#### 00 CR 1200–02(VM)

#### June 14, 2002

When presented with a motion for a downward departure from the agreed, applicable sentencing guideline range, a court must determine whether there are factors that potentially bring a case outside the "heartland" of cases contemplated by the United States Sentencing Guidelines (the "U.S.S.G."). *See Koon v. United States*, 518 U.S. 81, 95–95, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Mr. Farraj here argues that he suffers from an "extraordinary physical impairment" as defined by U.S.S.G. § 5H1.4, and that his actions constitute "aberrant behavior" as defined by U.S.S.G. § 5K2.0. He asserts that these factors, considered individually or in combination as discussed in the commentary to U.S.S.G. § 5K2.0, warrant a downward departure. The Court denies Mr. Farraj's motion.

According to § 5H1.4, and the rule in this Circuit, medical conditions are not ordinarily relevant. As the Second Circuit has instructed, "section 5H1.4 of the sentencing guidelines restricts departures based on physical condition to defendants with an 'extraordinary physical impairment,' such as those which render a defendant 'seriously infirm.'" *United States v. Altman,* 48 F.3d 96, 104 (2d cir.1995). In that case, the defendant suffered from poor health that required some monitoring; as such, he was not eligible for a downward departure on the basis of "extraordinary physical impairment." If a defendant does suffer from an "extraordinary physical impairment", the Court may depart from the sentencing guidelines where, for example, "home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. § 5H1.4; *see also U.S. v. Jimenez,* No. 01 CR 563 GEL, 2002 WL 252752, at *3 (S.D.N.Y. Feb.21, 2002).

Similarly, here, Mr. Farraj suffers from a health condition that requires moni-

toring every two months and might, in the future, require additional procedures to remove skin cancer. Mr. Farraj's health condition also has affected his ability to walk for long periods of time. This condition is serious enough to require vigilance but, in this Court's opinion, does not render Mr. Farraj "seriously infirm" within the meaning of the sentencing guidelines. Furthermore, the Government has submitted a letter from the federal Bureau of Prisons, in which its Health Services Administrator, Barbara J. Cadogan, opined that, based on her review of Mr. Farraj's motion and supporting documents, the Bureau of Prison's medical resources would be able to provide appropriate care. As such, it appears to the Court that Mr. Farraj's regularly scheduled examinations will not be neglected.

Mr. Farraj argues that home confinement, which would enable close monitoring by his physicians, would be "as efficient, and less costly than, imprisonment." (Letter to the Court dated June 3, 2002, at 4 (citing U.S.S.G. § 5H1.4).) However, because the Court has found that Mr. Farraj's health condition does not constitute an "extraordinary physical impairment" the Court need not address the economics of incarceration. Accordingly, the Court does not find that Mr. Farraj's health condition is outside of the "heartland" of cases the Sentencing Commission contemplated when drafting the sentencing guidelines.

Turning to the second ground for departure asserted by Mr. Farraj, under § 5K2.20, a downward departure may be warranted in an extraordinary case if the defendant's criminal conduct constituted "aberrant behavior." A court may consider factors such as a defendant's "(a) mental and emotional conditions; (B) employment record; (C) record of prior good works; (d) motivation for committing the offense; and (e) efforts to mitigate the offense." Notes to § 5k2.20 of the U.S.S.G. In addition, a Court may order a downward departure if the conduct was "a short-lived departure from an otherwise law-abiding life." *Zecevic v. United States Parole Commission,* 163 F.3d 731, 735 (2d Cir.1998). Here, it appears that Mr. Farraj seeks departure based on the "short-lived departure" ground.

The Court is aware that Mr. Farraj's brother and co-defendant, Said Farraj, pled guilty to counts one, two and three of Indictment Number 01 CR 1200 and that Mr. Farraj's role in the offense was smaller than his brother's role. Nevertheless, Mr. Farraj's argument that his conduct was that of a mere "bagman" and was "spontaneous and seemingly thoughtless" fails. Mr. Farraj told the Federal Bureau of Investigation that Said Farraj first discussed the matter with him three weeks before his arrest. Thus, he participated in the conspiracy for a lengthy period of time. As evinced by the transcript of Mr. Farraj's conversation with the Federal Bureau of Investigation's special agent whom he met on july 21, 2000 in order to sell the *Falise* trial plan in exchange for $2 million dollars, he was aware of the precise details of the illegal transaction. Moreover, he discussed the effect his actions would have on the *Falise* litigation as well as the potential penal consequences for himself and others. Accordingly, the Court finds that his conduct was not an "aberrant act" and therefore does not warrant a downward departure.

Neither independent ground asserted by Mr. Farraj warrants a downward departure. The Court finds that even considering the two grounds together, as discussed by the Sentencing Commission under § 5K2.0, Mr. Farraj's case remains within

the "heartland" of the U.S.S.G. and does not warrant downward departure.